IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEREMY A. JOHNSON,
DUANE MAYNARD,
NORMAN DILLON,
ALTON TRIBBLE,
TIMOTHY S. JACKSON,
WILLILAM WRAY,
STEVEN DAVIS,
WILLIE SLOCUM,

                Plaintiffs,

v.                                      CIVIL ACTION NO.  3:14-26429

SRT DIRECTOR AUSTIN BURKE;
WEST VIRGNIA REGIONAL JAIL
AND CORRECTIONAL FACILITY
AUTHORITY; WESTERN REGIONAL
JAIL; and CABELL COUNTY,

                Defendants.

**ORDER**

Pursuant to 28 U.S.C. § 636, the Court ordered that the above-styled civil action be referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, to consider the pleadings and evidence therein and submit to this Court her proposed findings of fact and recommendation for disposition.  On May 15, 2015, and on September 25, 2015, the Magistrate Judge submitted Proposed Findings and Recommendations. ECF Nos. 16 & 47.  Plaintiff Alton Tribble has filed objections to both of the Proposed Findings and Recommendations. ECF Nos. 42, 43 & 54. Upon review and for the following reasons, the Court **DENIES** the objections and **ACCEPTS AND INCORPORATES HEREIN** the Findings and Recommendations of the Magistrate Judge.

This action was filed by eight pro se individuals who were pretrial detainees at the Western Regional Jail (WRJ) at the time the Complaint was filed. *Prop. Find. & Recom.*, at 3 (May 15, 2015), ECF No. 16. Plaintiffs allege, inter alia, that they were subjected to "barbaric" lockdown conditions for thirteen days while held at the WRJ. *Id*. at 2-3 (internal quotation marks and citation omitted). As a result, Plaintiffs generally seek injunctive relief, punishment for those responsible, and monetary damages. *Id*. at 4. Plaintiffs named as Defendants: (1) SRT Director Austin Burke; (2) the West Virginia Regional Jail and Correctional Facility Authority (WVRJCFA); (3) the WRJ; and (4) Cabell County. *Id*. at 2.

In the first Proposed Findings and Recommendations issued on May 15, 2015, the Magistrate Judge found that the WVRJCFA and the WRJ were protected by Eleventh Amendment immunity and should be dismissed. In addition, the Magistrate Judge recommended that Plaintiffs' request for injunctive relief should be denied as moot because they were no longer pretrial detainees at the WRJ, or at any facility operated by the WVRJCFA. *Prop. Find. & Recom.*, at 14-15 (May 15, 2015). Likewise, the Magistrate Judge recommended that the claims against Cabell County be dismissed as facially deficient because Plaintiffs failed to allege Cabell County executed a policy or custom which proximately caused their injuries, or that Cabell County had any "operative control over the WRJ and its staff." *Id*. at 16.

On the other hand, the Magistrate Judge found Plaintiffs did state plausible substantive and procedural due process claims against Defendant Burke regarding their conditions of confinement, presuming he was being sued in his personal capacity. However, the Magistrate Judge found it unclear whether Defendant Burke was being sued in his personal or official

capacity. Therefore, the Magistrate Judge issued a separate order requiring Plaintiffs to amend their Complaint to clarify their claims against Defendant Burke. ECF No. 15. The Magistrate Judge also directed those Plaintiffs who failed to sign the Complaint to inform the Court in writing whether they wish to proceed or sign the Amended Complaint that she ordered to be filed. The Magistrate Judge further directed that all Plaintiffs update their Applications to Proceed Without Prepayment of Fees and Costs. The Magistrate Judge warned Plaintiffs that a failure to follow these instructions "may result in a recommendation that the claim against Defendant Burke be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the Local Rule of Civil Procedure 41.1." *Id*. at 3 (emphasis deleted and citation omitted).

Thereafter, on May 29, 2015, Plaintiff Timothy Jackson filed an Amended Complaint and an updated Application to Proceed Without Prepayment of Fees and Costs. ECF No. 24 & 26. Plaintiff Norman Dillon filed an updated Application and Plaintiff Alton Tribble did the same on June 5 and 18, 2015, respectively. ECF No. 27 & 28. The Magistrate Judge granted the Applications on June 29, 2015. ECF No. 29. The Magistrate Judge also ordered the Clerk of Court to issue a summons for Defendant Burke and ordered the United States Marshals Service to serve the summons and the Amended Complaint filed by Plaintiff Jackson on Defendant Burke, or his designated agent for service, pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Id*.

On July 20, 2015, the United States Marshals Service filed a Process Receipt and Return, indicating that the Summons, Complaint, and Amended Complaint were sent to Defendant Burke at the WVRJCFA in Charleston. ECF No. 33 at 1. The Certified Mail Receipt indicates

that an employee of the WVRJCFA signed for the documents. *Id*. at 4.  As a result, on August 4, 2015, Defendant Burke filed a Motion to Dismiss for Insufficient Service of Process and argues that he was not properly served with either the original Complaint or the Amended Complaint within 120 days. *See* Fed.R.Civ.P. 4. ECF No. 34.

On August 7, 2015, the Magistrate Judge informed Plaintiffs of their right to respond to Defendant Burke's motion. ECF No. 36.  On September 2, 2015, Defendant Tribble then filed a "Motion to Strike, Overrule and/or to Reserve Burke." ECF No. 39.  Defendant Tribble also filed a "Motion to Certify a Class Action and to Desinate [sic] this as the Multi District HQ." ECF No. 38.

Recognizing that service did not comply with Rule 4 because the certified mail was not restricted to Defendant Burke, the Magistrate Judge ordered the WVRJCFA to provide the Clerk of Court with the last known address of Defendant Burke, as he no longer worked for the WVRJCFA. ECF No. 44.  In addition, on September 25, 2015, the Magistrate Judge further directed Plaintiffs Dillon and Tribble either to amend their Complaints within twenty-one days or formally adopt the Amended Complaint filed by Plaintiff Jackson. ECF No. 46.  On that same day, the Magistrate Judge issued her second Proposed Findings and Recommendations. ECF No. 47.

In the second Proposed Findings and Recommendations, the Magistrate Judge specifically found that Defendant Burke was not properly served pursuant to Rule 4.  However, the Magistrate Judge took steps to rectify the problem under Rule 4(m).  Thus, the Magistrate

Judge recommended that Defendant Burke's Motion to Dismiss for Insufficient Service of Process be denied, without prejudice. In addition, the Magistrate Judge recommended that Plaintiff Tribble's "Motion to Strike, Overrule and/or to Reserve Burke" be denied because it lacks merit. The Magistrate Judge further recommended Plaintiff Tribble's "Motion to Certify a Class Action and to Desinate [sic] this as the Multi District HQ" be denied because he failed to meet the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and he did not follow the procedure for multidistrict litigation as contained in 28 U.S.C. § 1407. Furthermore, the Magistrate Judge acted *sua sponte* in recommending that Plaintiffs Johnson, Maynard, Wray, Davis, and Slocum be dismissed without prejudice because they failed to respond to the Findings and Recommendations issued on May 15, 2015, failed to update their addresses,[1] and have not shown any interest in further prosecuting this case.

On September 17, 2015, Plaintiff Tribble filed "Alton Tribbles' Reply and Specific Objections to the Magistrates R & R, Seeking to Strike Immaterial Things, and Reply to Court Order Contemporaneously with other Submissions of Alton Tribble Presented Previously" (ECF No. 42) and his "Brief and/or Memoradum [sic] Supporting Denial of Motion to Dismiss of SRT Director Austin Burke and Opposing Magistrate R&R." ECF No. 43. On October 16, 2015, Plaintiff Trible filed "Alton Tribble & Coplaintiffs Reply Seeking Correction of Amended PF&R by Magistrate." ECF No. 54. Construing these documents as objections to the Findings and Recommendations of the Magistrate Judge, the Court will address them.

---

[1] Although Plaintiff Dillon did update his address, he did not comply with the remainder of the Magistrate Judge's directives when the recommendations were made. Thereafter, he filed an Amended Complaint on October 5, 2015. ECF No. 49.

Pursuant to the Federal Magistrates Act, a district court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1), in part; accord Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). However, if an objection is untimely, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72 Advisory Committee Notes; *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (discussing the standard of review).

As an initial matter, the Court finds that the objections filed by Plaintiff Tribble are untimely. The first Proposed Findings and Recommendations were mailed by the Clerk's Office on May 15, 2015. However, the mail came back as undeliverable to everyone except Plaintiff Jackson. ECF Nos. 17-23. The Clerk received updated addresses for Plaintiffs Tribble, Maynard, Slocum, Dillon, and Wray and resent the documents on May 22, 2015. Based upon that date, objections were due to the Court on June 8, 2015. Plaintiff Tribble, however, did not file his objections until September 17, 2015, which is far outside the deadline. In addition, the deadline for filing objections to the Proposed Findings and Recommendations issued by the Magistrate Judge on September 25, 2015, was October 13, 2015.[2] However, Plaintiff did not mail his

---

[2]The Court calculated the deadline giving Plaintiffs fourteen days from the day the Findings and Recommendations were filed by the Magistrate Judge, plus three days mailing. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(d) and 72(b). As that calculation resulted in the objections being due on October 12, 2015, which was Columbus Day, objections were due the next day, Tuesday, October 13, 2015. *See* Fed.R.Civ.P. 6(a).

objections until October 14, 2015, and they were not filed with the Court until October 16, 2015. ECF No. 54.

Thus, as both objections were untimely, the Court reviews both Findings and Recommendations for clear error and finds none. In both instances, the Magistrate Judge carefully considered the issues and appropriately applied the law in reaching her findings and recommendations. Additionally, even if the Court considers de novo Plaintiff Tribble's untimely objections, it would find no error. With respect to the May 15, 2015 Findings and Recommendations, Plaintiff Tribble asserts immunity does not exist because there are insurance policies and bonds, and the Eleventh Amendment does not protect those doing business or their insurers. By inputting his name into a databank, Plaintiff Tribble claims Defendants are doing business. However, as set forth by the Magistrate Judge, the case law is clear that the WVRJCFA and the WRJ are entitled to immunity from Plaintiffs' § 1983 suit. Thus, the Court finds no merit to Plaintiff Tribble's argument. In addition, although Plaintiff Tribble claims the request for injunctive relief is not moot because "[e]ach member of our society has a personal right and interest in the treatment of the rest of society by Public Authority Figures,"[3] such argument does not negate the fact Plaintiffs' request in this matter is moot. Likewise, there is no merit to Plaintiff Tribble's argument that their claims against Cabell County should not be dismissed because it "is a Home-Rule County[.]" *Brief and/or Memoradum [sic] Supporting Denial of Motion to Dismiss of SRT Director Austin Burke and Opposing Magistrate R&R*, at 4.

---

[3] *Brief and/or Memoradum [sic] Supporting Denial of Motion to Dismiss of SRT Director Austin Burke and Opposing Magistrate R&R*, at 3.

With respect to the September 25, 2015 Findings and Recommendations, Plaintiff Tribble makes broad claims that the Magistrate Judge's findings are inaccurate, premature, and alter the history of the proceedings. In addition, Plaintiff Tribble alleges the "Magistrate is stashing material points in 'Footnotes' which conflict with the representations the footnote propounds upon and by such is barring appellate consideration of the admission in the record shown in favor of Tribbles posturing." *Alton Tribble & Coplaintiffs Reply Seeking Correction of Amended PF&R by Magistrate*, at 1, ECF No. 54. He further contends that the Magistrate Judge erred in deciding that, because he is not a licensed attorney, he could not represent other pretrial detainees in a class action suit. *Id*. at 2-3. He further asserts "the insurers should be disclosed" so he "can follow all multi District designation protocols, identify if ther[e] []is multi District suit in fact, and initiate beneficial ADR (hereby asked)." *Id*. at 4. Again, the Court finds these arguments are meritless.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff Tribble's objections (ECF Nos. 42, 43 & 54) to both the May 15 and September 25, 2015 Findings and Recommendations of the Magistrate Judge (ECF Nos. 16 & 47), and **ADOPTS AND INCORPORATES** those Findings and Recommendations. Therefore, the Court **DISMISSES WITH PREJUDICE** Defendants the WVRJCFA, the WRJ, and Cabell County. The Court also **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claim for prospective injunctive relief. The Court further **DENIES WITHOUT PREJUDICE** Defendant Burke's Motion to Dismiss for Insufficient Service of Process (ECF No. 34); **DENIES** Plaintiff Tribble's Motion to Certify a Class Action and Desinate [sic] this as Multidistrict HQ (ECF No. 38); **DENIES** Plaintiff Tribble's Motion to Strike, Overrule, and/or to Reserve Burke (ECF No. 39); and **DISMISSES WITHOUT**

**PREJUDICE** Plaintiffs Jeremy A. Johnson, Duane Maynard, William Wray, Steven Davis, and Willie Slocum.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Cheryl A. Eifert, counsel of record, and any unrepresented parties.

      ENTER:    February 24, 2016

      _____
      ROBERT C. CHAMBERS, CHIEF JUDGE