IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NORMAN DILLON,
ALTON TRIBBLE,
TIMOTHY S. JACKSON,

       Plaintiffs,

v.                                           Case N0. 3:14-cv-26429

SRT DIRECTOR AUSTIN BURKE,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF
STATUS CONFERENCE AND SCHEDULING ORDER**

      On March 14, 2016, the Court held a discovery status conference in the above-styled civil action. Plaintiff Alton Tribble appeared in person by videoconference from the Federal Correctional Institution-Elkton; Plaintiff Timothy S. Jackson appeared in person by videoconference from the Western Regional Jail; and Defendant appeared by counsel, Julie Meeks Greco. Although Plaintiff Norman Dillon received a copy of the Order setting the status conference, he failed to appear, either in person or by counsel. After hearing from Plaintiffs and counsel for Defendant, the Court **ORDERS** as follows:

      1.     Plaintiff Tribble's Request for Modification of Order, (ECF No. 51), is **DENIED** as moot. Tribble shall amend his complaint against Defendant Burke, setting forth his claims in plain, simple paragraphs, and Burke has agreed to accept service of same through his counsel. Therefore, service shall be properly effected.

1

2. Plaintiffs' Consolidated Reply, Motion to Strike, and Motion for a More Definite Statement, (ECF No. 59), is **DENIED**. The legal and factual sufficiency of Burke's affirmative defenses will be addressed after discovery, if they are included in a dispositive motion. Moreover, Tribble's motion for a more definitive statement is not properly raised, as no responsive pleading is allowed to an Answer. *See* Fed. R. Civ. P. 8(e).

3. Tribble's Motion for a Scheduling Order and for discovery, (ECF No. 60) is **GRANTED.** A Scheduling Order is set forth below.

4. Tribble's Motion for the Appointment of Counsel, (ECF No. 61), is **DENIED**, without prejudice to reconsideration should circumstances change. Plaintiff has no constitutional right to counsel in an action brought pursuant to 42 U.S.C. § 1983 action. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). Although the Court has some discretion to assign counsel in this case, the United States Court of Appeals for the Fourth Circuit has made it clear that the assignment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984); *see also Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)).

Here, Plaintiff seeks counsel to help move the case along. Unfortunately, the desire for efficiency, while admirable, is not an "exceptional" need. Many *pro se* litigants

are unable to find lawyers willing to take their cases and must prosecute claims on their own. While Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his lack of legal training, these limitations do not, in and of themselves, satisfy the "exceptional" standard and merit the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W.Va. Apr. 12, 2010). Having reviewed Plaintiff's filings, the undersigned finds Plaintiff to be capable of presenting his claims at this stage of the litigation.

5. Tribble's Motion for Leave to File Plaintiffs' Consolidated Second Amended Complaint, (ECF No. 72), is **GRANTED**, in part, and **DENIED**, in part. The undersigned explained to Tribble that although the plaintiffs' claims are permissively joined, each plaintiff must pursue his own complaint. None of the plaintiffs is a lawyer; therefore, no plaintiff can speak on behalf of or represent the interests of any other plaintiff. The plaintiffs are all separated now, with no two plaintiffs at the same facility. Thus, each plaintiff must file his own amended complaint. Consequently, Tribble's motion to file a "consolidated" complaint on behalf of all the plaintiffs is **DENIED**. Tribble and Jackson expressed their desire to join Larry Crawford as a defendant in this action. According to Plaintiff Tribble, discovery responses obtained from Defendant Burke indicate that Mr. Crawford was responsible for imposing the lockdown at issue in this case, and for the length of time the lockdown continued in place. Counsel for Burke agreed that information obtained during discovery suggests that the critical decisions were made by Mr. Crawford. Accordingly, plaintiffs are granted leave to amend their complaints to add Larry Crawford as a defendant. The amended complaints should include a short and plain statement of Mr. Crawford's role in the lockdown and the claim for relief. To the extent Tribble also requests leave to add the Western Regional

Jail, the West Virginia Regional Jail and Correctional Facility Authority, the insurers of the Jail and the Authority, to reassert his request for an injunction and for class certification, and to sue Burke in his official capacity, those requests are **DENIED** for the reasons set forth in the prior Findings and Recommendations and Judge Chambers's Order adopting them, entered on February 24, 2016. (ECF No. 74).

Having dispensed with the pending motions, the Court discussed discovery and the discovery schedule. Pursuant to Federal Rule of Civil Procedure 16(b) and the Local District Court Rules, the Court further **ORDERS** as follows:

1. The parties shall exchange the names and addresses of witnesses and a brief summary of their knowledge on or before **March 31, 2016.** Defendant shall supply the plaintiffs with copies of all documents in his possession and control pertaining to the lockdown on or before **April 4, 2016.**

2. The parties shall have through and including **April 18, 2016** in which to join additional parties and amend the pleadings.

3. The parties shall serve all written discovery requests by **June 10, 2016** and all depositions shall be completed by **August 19, 2016.** The last date to complete depositions shall be the discovery completion date by which all discovery must be finished. The parties shall be permitted to serve up to **forty (40)** interrogatories, including subparts. Otherwise, they will be governed by the discovery limits set forth in the Federal Rules of Civil Procedure.

5. The party bearing the burden of proof on an issue shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A), (B), and (C) for that issue to all other parties or their counsel no later than **May 20, 2016**. The party not bearing the burden of proof on the issue shall make the disclosures of information

4

required by Fed. R. Civ. P. 26(a)(2)(A), (B), and (C) for that issue to all other parties or their counsel no later than **June 3, 2016**. All parties shall supply the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A), (B), and (C) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B) or (C) no later than **June 10, 2016**.

6. All dispositive motions, such as those filed under Rule 56, together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **September 2, 2016,** with responses and replies filed according to the Local Rules of this court. If not filed electronically, a copy of any motion, response, or reply, with all supporting documentation, shall be delivered to the undersigned at the time of filing.

7. No later than **August 26, 2016,** counsel and any unrepresented parties shall meet to conduct settlement negotiations. Lead trial counsel for the defendant shall take the initiative to schedule the meeting; all other counsel and parties shall cooperate in an effort to achieve a successful negotiation and settlement.

The Clerk is directed to provide a copy of this Order to Plaintiffs and counsel of record.

**ENTERED:** March 14, 2016

Cheryl A. Eifert
United States Magistrate Judge

5